UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

NICASIO ROMAN,

        Defendant.

_____/

NO. CR. S-10-00289 KJM

ORDER

Defendant is charged in a single-count indictment with being a Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). The prior deportation alleged in the indictment occurred in 2009. Defendant, who does not speak English, has moved to dismiss the indictment, arguing that he was deprived of due process during his 2009 deportation proceedings because, even though he was represented by counsel, no interpreter assisted defendant at any proceedings following his initial appearance. Defendant also argues that given the deprivation was of such a fundamental right, he should not be required to show prejudice resulting from the deportation decision. The government opposes dismissal, arguing that defendant cannot meet the requirements of prevailing on such a motion.

        Having carefully considered the parties' briefing and reviewed the relevant case law, the court takes the motion under submission without oral argument. As discussed below, defendant's motion is denied.

1 Defendant here "has a Fifth Amendment right to collaterally attack his removal
2 order because the removal order serves as a predicate element of his conviction." *United States*
3 *v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). To sustain an attack, defendant needs
4 to show "(1) that he exhausted all administrative remedies available to him to appeal his removal
5 order, (2) that the underlying removal proceedings at which the order was issued
6 improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order
7 was fundamentally unfair." *Id*. at 1048. "Fundamental unfairness" is established if "(1) [a
8 defendant's] due process rights were violated by defects in his underlying deportation
9 proceeding, and (2) he suffered prejudice as a result of the defects." *Id*. (citation omitted).

10 Assuming without deciding that defendant satisfies the first two prongs of the test
11 set forth in *Ubaldo-Figueroa*, and that his due process rights were violated by the unavailability
12 of an interpreter during his proceedings, defendant has not shown the prejudice required to meet
13 the third "fundamental unfairness" prong. While defendant argues for the court's finding
14 prejudice per se, in light of the fundamental nature of the need for translation during deportation
15 proceedings, precedent does not support the court's so finding where, as here, defendant was
16 represented and there is no indication that defendant was questioned directly. *See generally
17 Neder v. United States,* 527 U.S. 1, 8 (1999) (recognizing that "'most constitutional errors can be
18 harmless,'" and that "structural" errors subject to automatic reversal are found "only in a 'very
19 limited class of cases,'" including those involving complete denial of counsel, biased trial judge,
20 racial discrimination in selection of grand jury, denial of self-representation at trial, denial of
21 public trial and defective reasonable-doubt instruction); *Walters v. Reno,* 145 F.3d 1032, 1044 &
22 n. 8 (9th Cir. 1998) (in case reviewing administrative proceedings, questioning without resolving
23 whether plaintiffs needed to demonstrate prejudice when they did not receive any hearing, noting
24 that "[n]either party cites to a case in which an alien who received constitutionally inadequate
25 notice and was therefore deprived of a hearing was required to demonstrate prejudice in order to
26 obtain relief"); *United States v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992) (compiling cases
27 in concluding that "the Court has not eliminated prejudice from the equation," and holding that
28 showing of prejudice required where deprivation is of right to direct appeal of administrative

2

proceedings, while recognizing "there may be times when the administrative proceedings were so flawed that effective judicial review will be foreclosed"). Regarding the deprivation of interpreter services in particular, the cases signal that such a deprivation still requires a showing of prejudice. *United States v. Leon-Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994) (represented defendant not entitled to translation of entire hearing, but impliedly only during times when he was being questioned directly); *Hartooni v. Immigration & Naturalization Service*, 21 F.3d 336, 340 (9th Cir. 1994) (even where interpretation "incompetent," petitioner must show prejudice); *Perez-Lastor v. Immigration and Naturalization Service*, 208 F.3d 773, 780 (9th Cir. 2000) (same). On the record before it, the court declines to extend what precedent there is with respect to per se prejudice to the circumstances of defendant's case.

The prejudice, then, that must be shown is actual prejudice. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049 (9th Cir. 2012). To show prejudice, defendant "must show only that there were 'plausible grounds for relief.'" *United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010). *Cf. Hartooni*, 21 F.3d at 340 (in case reviewing a Board of Immigration Appeals decision, prejudice standard articulated as satisfied when "an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings'"). "A plausible claim to relief, however, requires some evidentiary basis on which relief could be granted, not merely a showing that some form of immigration relief was theoretically possible." *Reyes-Bonilla*, 671 F.3d at 1049-50. Here, defendant provides no basis for the granting of relief, arguing only that he should be relieved entirely of the need to show prejudice. Moreover, a person's status as an aggravated felon "severely limit[s]" the ability to obtain immigration relief. *Id.* at 1050; *see also* 8 U.S.C. §§ 1229c (a)(1), 1227(a)(2)(A)(iii) (in effect at time of defendant's 2009 proceedings). In his briefing, defendant does not contest the 2006 conviction alleged in the indictment; the conviction was for violation of California Penal Code § 288(a), Lewd Act Upon a Child Under the Age of Fourteen, which qualifies as an aggravated felony. 8 U.S.C. § 1101(a)(43)(A). Nothing before the court supports a conclusion that the outcome of defendant's 2009 deportation proceedings
/////

would have been any different if he had been provided the services of an interpreter, as he should have been.

Accordingly, defendant's motion to dismiss is DENIED.

DATED: May 10, 2012.

_____
UNITED STATES DISTRICT JUDGE