IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,        No. CR S-10-289 KJM

  vs.

NICASIO ROMAN,

    Defendant.      <u>PRELIMINARY INSTRUCTIONS</u>

                             /

_____
UNITED STATES DISTRICT JUDGE

Preliminary Instruction No. One

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Preliminary Instruction No. Two

During the trial you may hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who is charging an individual with committing a federal offense is called the plaintiff. In this action, the plaintiff is the United States. A party being accused of committing a federal offense is called a defendant. The defendant is Nicasio Roman.

Plaintiff is represented by Assistant United States Attorneys Michele Beckwith and Michael Anderson.

The defendant is represented by Assistant Federal Defender Michael Petrik.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyers" or "attorneys." I will sometimes refer to myself as the "Court."

There are rules of evidence that control what can be received into evidence. From time to time during the trial, I may make rulings on objections or motions made by the lawyers. When I sustain an objection, I am excluding that evidence from this trial. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. When I overrule an objection, I am permitting that evidence to be admitted.

It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections.

You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

Preliminary Instruction No. Three

To help you follow the evidence, I will give you a brief summary of the charges against the defendant:

> In the indictment, the defendant is charged with being a Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326.
>
> The indictment alleges that the defendant is an alien who was deported from the United States on or about July 24, 2009. It further alleges that, after being deported, the defendant was found back in the United States, in the Eastern District of California, on or about June 7, 2010. It also alleges that when the defendant was found here, in the Eastern District of California, he did not have permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

Preliminary Instruction No. Four

All persons stand equal before the law and are to be treated as equals.

Preliminary Instruction No. Five

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.

Preliminary Instruction No. Six

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys;

2. Questions and objections of the attorneys;

3. Testimony that I instruct you to disregard; and

4. Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Preliminary Instruction No. Seven

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence will be or has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Preliminary Instruction No. Eight

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. Inferences are deductions or conclusions which your reason and common sense lead you to draw from facts which have been established by the evidence in the case.

> By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Preliminary Instruction No. Nine

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness' memory;

3. The witness' manner while testifying;

4. The witness' interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness' testimony;

6. The reasonableness of the witness' testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. The test is not which side brings the greater number of witnesses or takes the most time to present its evidence; but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Preliminary Instruction No. Ten

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear the testimony, evidence, questions or arguments or see the witnesses or evidence, let me know so I can correct the problem.

Preliminary Instruction No. Eleven

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses or observe witnesses or evidence.  When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Preliminary Instruction No. Twelve

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Preliminary Instruction No. Thirteen

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal

instruction you properly may consider to return a verdict, do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Third, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fourth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Preliminary Instruction No. Fourteen

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Preliminary Instruction No. Fifteen

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.